CHILDS (SAMUEL v.). See Case No. 12,287.

## Case No. 2,681.

### CHILDS v. SHOEMAKER.

[1 Wash. C. C. 494.][1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

#### RIGHTS OF SURETIES—BOND FOR CUSTOMS DUTIES —MISTAKE—RECTIFICATION IN EQUITY.

1. R. D. imported a quantity of merchandise, in his own vessel, consigned to E. D., who received the goods, and gave bonds for the duties to the United States, with the plaintiffs as his sureties. The invoice and bill of lading showed the goods to be the property of R. D., but the bond was executed by E. D., without calling himself the agent of R. D. *Held,* that the sureties of E. D. are not entitled to recover the amount of the bonds paid by them, from R. D., under the provisions of the act of congress, giving a preference to sureties who pay bonds for duties.

2. The law of the United States clearly marks the distinction between owner, importer, consignee or agent: and the entry is to express the character in which it is made, at the time the duties are secured. If as agent, this must be so stated in the bond.

3. The act of congress considers a consignee, for all the purposes of the law, an owner; and unless he states himself not to be so, he is the principal in the bond; and it is only in favour of his sureties, and upon him, and his effects, that the law gives the preference.

4. The bond in this case was properly given by the consignee of the goods, and therefore there was no mistake; and if there were a mistake, it is not to be rectified at law; and in equity, the plaintiff would be told that equity is equity; and that a court of equity will not rectify a mistake, in order to violate one of its favourite maxims.

This cause came on upon a case agreed. Robert Denison imported, in 1801, a cargo of goods, in the Betsey, of which he was owner, which arrived at Baltimore, consigned to

[1] [Reported by John William Wallace, Esq.]

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

Edward Denison, who resided at Baltimore, and carried on trade under the firm of Robert & Edward Denison; Robert residing at Philadelphia. The invoice showed the goods to have been shipped by the order, and for the account of Robert Denison. The manifest states the cargo to be owner's property, as did the bill of lading. The cargo was entered by Edward Denison in his own name, and a bond was given by him in his own name, without mentioning Robert Denison, for payment of the duties, with the plaintiff and Brown as his sureties. Childs having been compelled to discharge the bond, and Edward & Robert Denison being bankrupts, this action was brought; and the question was, whether the plaintiff is entitled to a preference of the other· creditors, or must come in equally with them.

It was contended, by Mr. Dallas, for the plaintiff, that though it does not appear, on the face of the bond, that Edward Denison subscribed the same, as agent for the real owner, yet, that this being made out in evidence, dehors the bond, the effect will be the same; and therefore, that under the 65th section of the Impost Law, Act of March 2, 1799 [1 Stat. 676], the plaintiff, the surety, is entitled to a preference of the other creditors of the owner. The agent need not sign as agent in this case, any more than in the case of an insurance made by him in England, under the statute. See Parker, Exch. 15, 16; 1 Term. R. 313; 1 Bos. & P. 345.

Rawle and Ingersoll, for the defendant, insisted: 1st. That the law which gave this preference, was unconstitutional; though under the 8th section of the first article of the constitution, congress might, as a consequence of the direct power to lay and collect impost and duties, give a preference to the United States, yet they could·not transfer it to a surety, since the collection is complete by the payment of the surety; and therefore, all the power on this subject, is thereby expended. 2d. The preference is against the principal in the bond, not the owner of the goods. Edward Denison is the principal. The distinction between owner, consignee, and agent, is clearly marked out in the law. Even the United States could not sue the owner, if not principal in the bond, much less the surety, whose right is derivative. 3d. The preference given by the law which was read, was done away by the bankrupt law [2 Stat. 30], which puts all creditors on an equality. except the United States; and sureties being not included within the exception, are left on the ground of other private creditors.

Dallas and M'Kean, for the plaintiff, upon the third point, contended, that the law which gives the preference, and the section of the bankrupt law, which is relied upon, are affirmative statutes; and the latter does not repeal the former, as to priority given to the surety.

WASHINGTON, Circuit Justice. The question upon the case agreed, is, whether the plaintiff, Childs, is entitled to the like advantage, priority, and preference, for the recovery of the money, paid by him as above mentioned, out of the estate of Robert Denison, as are reserved and secured to the United States, by the act of the 2d of March, 1799. If in the affirmative, judgment must be for the plaintiff; otherwise, for defendant. Throughout the law imposing duties on imports, the distinction between owner, importer, consignee, and agent, is carefully marked, and uniformly adhered to. The entry of the goods is to be made in the name of the owner or consignee, who, for all the purposes of the law, is considered, by the 62d section, as owner; or, in cases of the absence, or sickness of those persons, by their agent or factor, in the name of the owner or consignee; and is to be verified by the oath of the person making the entry; in a way to point out distinctly the character in which he acts, whether as owner, consignee, or agent. If the entry be made by an agent, or factor, where the particulars of the merchandise are unknown, it is, by the 86th section, to be in writing, and subscribed by him in his name, as agent or factor for the owner or consignee. The bond for securing the duties, is, by the 62d section, to be in the name of the importer or consignee; or, if it be given by an agent, then in the name of such agent, and of the importer or consignee, and the sureties, with condition for payment of the duties by the principal or his agent, and the sureties. In addition to this bond, the agent, if the entry be made by him, is to give a bond in the penalty of 1000 dollars, to produce an account of the goods, verified by the owner or consignee, within a stipulated time. By the sixty-fifth section of this law, a priority of satisfaction is given to the United States, against all the obligors in the bond, in case of insolvency; and, if the principal in such bond, given either by himself, or·by his agent, factor, or other person for him, should be insolvent, or if his estate in the hands of his executors or assignees, be insufficient for the payment of his debts, and the bond should be discharged by his surety; such surety is entitled to the like advantage, priority, or preference, as are reserved and secured to the United States; and he may maintain a suit upon the aforesaid bond, in his name, in law or equity, for recovering all moneys paid thereon.

Here, then, we find that the distinction between owner and importer, consignee and agent, which runs through the various sections of the law, prior to the 65th, is dropped, when the remedy for the surety in the bond is provided for. The preference given to

him is not against the owner, importer, consignee, or agent, but against the principal in the bond. Who is the principal in the bond? He is marked in the condition. The person who entered the goods, viz. the owner or importer, if the entry were made by him; or the consignee, if made by him; or either of those persons, if the entry were made by an agent, or other person, in their names, and who is an obligor in the bond, either by his own signature, or that of his agent, or other person authorized to bind him. No person can be a principal in a bond, who has not sealed it, either by himself, or by some person authorized to do it for him. If the bond be executed by a third person, in the character of owner or consignee, he is the principal, though he be not in truth the owner or consignee. If the factor make the entry in his own name, the bond will, of course, be in his own name, and he will be the principal; if made in the name of the owner or consignee, he in whose name it is made, will be the principal, if the bond be executed by or for him. But if he be not the obligor, he cannot be principal.

This is an action of debt; and the first count in the declaration states, that Robert Denison executed the bond by Edward Denison, his agent or factor. Now, in point of fact, the bond was not given by Robert Denison; because it was neither signed and sealed by him, nor by his agent or attorney for him. The second count states, that the bond was given by Edward Denison and the sureties, for and at the instance of Robert Denison. If so, it is not the bond of Robert Denison, but of those who executed it. But a complete answer to both counts is, that the bond was executed, not by an agent or factor, but by the consignee of the goods; who, as to all the purposes of the act, is to be considered as the owner; no parallel can be drawn between this case and that of an insurance effected in England by an agent. The statute directs, that the name of the agent shall be stated in the policy; but, it is not necessary that his character of agent should also be stated. But, in this case the preference is given against the principal in the bond, and the only inquiry is, who is principal. It is contended, that the not entering the name of Robert Denison, was a mistake of the public officer. In the first place, I do not agree that it was a mistake; because, Edward Denison being the consignee, he was properly the principal in the bond. But, if it were a mistake, it cannot be rectified on this side of the court; and, if the plaintiff were to seek relief on the other side, he would be told that equality is equity; and chancery will not cure a defect at law, in order to violate one of its favourite maxims. The decision of this point, renders it unnecessary to consider the other points made by the defendant's counsel. Judgment for defendant.