WILLIAM J. FLYNN *vs.* NORTH AMERICAN LIFE INSURANCE COMPANY.

Suffolk.   March 12. — September 4, 1874.   COLT & ENDICOTT, JJ., absent.

An action on a policy of life insurance under seal, whereby the insurer covenants with A., his heirs, executors, administrators and assigns, to pay the sum insured to B. on the death of A., cannot be maintained by B.

GRAY, C. J.   This action is brought by William J. Flynn upon a policy of insurance on the life of Garrett Royle, his father-in-law. The application states, and the policy shows, that the insurance was obtained for the benefit of Flynn ; and the applica-

tion was signed " Garrett Royle for William J. Flynn." The original premium was paid by Flynn for Royle, and a receipt therefor given by the insurance company to Flynn in his own name; the annual premiums were paid by Flynn; part only of the first premium, and none of the subsequent ones, were repaid to him by Royle. By the policy, the insurers promise and agree to pay the sum insured to Flynn and his representatives. But this promise and agreement is expressed to be made to and with Royle and his representatives; and the policy is under seal. Royle and not Flynn is the covenantee. It is well settled that upon an agreement under seal, none but a party to it can maintain an action at law. *Sanders* v. *Filley*, 12 Pick. 554. *Johnson* v. *Foster*, 12 Met. 167. *Millard* v. *Baldwin*, 3 Gray, 484. *Northampton* v. *Elwell*, 4 Gray, 81. Dicey on Parties, 101. Whatever therefore might have been Flynn's right of action if the agreement sued on had been a simple contract, there was no sufficient privity between him and the insurers to maintain an action in his name upon this policy; and it is unnecessary to consider the other grounds of defence.          *Judgment for the defendant.*

*A. A. Ranney*, for the plaintiff.

*R. D. Smith & M. M. Weston*, for the defendant.