HANNAH F. SAUNDERS *vs.* CHARLES F. SAUNDERS.

Essex.    January 21, 1891. — September 3, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Contract — Unascertained Promisee — Right of Beneficiary to sue — Covenant.*

A covenant cannot be created to arise wholly in the future between the covenantor
and a party who at the time is unascertained, and from whom no consideration
is to move, and who is not in any way privy to any present agreement by the
covenantor.

CONTRACT, for breach of an agreement under seal.   The case
was submitted to the Superior Court, upon an agreement that, if
the plaintiff was not entitled to maintain her action, judgment
was to be entered for the defendant.   *Pitman*, J. ordered judg-
ment for the defendant; and the plaintiff appealed to this court.
The facts appear in the opinion.

The case was submitted on briefs in January, 1891, and after-
wards, in September following, was submitted on the same briefs
to all the judges.

*W. D. Northend*, for the plaintiff.

*C. Sewall*, for the defendant.

MORTON, J.   This action is brought by the plaintiff upon an
instrument under seal, to which she is not a party, and of which
none of the consideration moved from her.   The instrument is
signed by Charles F. Saunders, the defendant, and is between
him and George M. Saunders, who together, and the survivor of
them, were entitled to the income of a trust fund.   The consid-
eration is one dollar paid by said George M. Saunders, and like
covenants on the part of said George with said Charles to those
contained in the instrument declared on.   The covenants or
agreements in the instrument relied on are as follows: " I, the
said Charles F. Saunders, do hereby covenant and agree to and
with the said George M. Saunders, and to and with such person
as may be the wife of said George M. Saunders at the time of
his decease, that if the said George M. shall die in my lifetime,
leaving a widow living, I will, from and after the decease of said
George M., and during my lifetime, pay over to such person as

may be the widow of said George M., one third of the entire income aforesaid to which I may be entitled as such survivor." The plaintiff is the widow of George, and it is clear that, so far as she relies upon the covenants and agreements made between her husband and the defendant for her benefit, they will not support this action. It is well settled in this State, in regard to simple contracts, that " a person who is not a party to a simple contract, and from whom no consideration moves, cannot sue on the contract, and consequently that a promise made by one person to another, for the benefit of a third person who is a stranger to the consideration, will not support an action by the latter." *Exchange Bank* v. *Rice*, 107 Mass. 37, and cases cited. *Rogers* v. *Union Stone Co.* 130 Mass. 581. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381. *Marston* v. *Bigelow*, 150 Mass. 45. In regard to contracts under seal, the law has always been that only those who were parties to them could sue upon them. *Sanders* v. *Filley*, 12 Pick. 554. *Johnson* v. *Foster*, 12 Met. 167. *Northampton* v. *Elwell*, 4 Gray, 81. *Flynn* v. *North American Ins. Co.* 115 Mass. 449. *Flynn* v. *Massachusetts Benefit Association*, 152 Mass. 288. The case of *Felton* v. *Dickinson*, 10 Mass. 287, to which this case would seem to be somewhat analogous, is fully explained in *Marston* v. *Bigelow*, *ubi supra*, and is authority only to the extent there indicated.

It is suggested, however, that, somewhat after the analogy furnished by letters of credit, the plaintiff may avail herself of so much of the covenants and agreements as purports to be made " to and with such person as may be the wife of said George M. Saunders at the time of his decease "; that is, that this covenant amounts to a promise on the part of the defendant to whomsoever may be the wife of George M. Saunders at his death, that he will pay her annually thereafter a certain sum so long as he shall live, and that the plaintiff, being the wife of said George, may therefore maintain an action upon it. But it is to be observed that the covenant did not purport to create a present agreement with the person who was the wife of George at the time the agreement between him and the defendant was executed; neither does it purport to be a continuing offer or promise on the part of the defendant, as in the case of a letter of credit or an offer of reward, that, if the person who shall be the wife of George at the time of his decease shall

do certain things, then the defendant will pay her a certain sum. On the contrary, it was an attempt to create a covenant to arise wholly in the future between the defendant and a party who at the time was unascertained, and from whom no consideration was to move, and who was not in any way privy to the contract between the defendant and said George. We do not think this can be done.

The question whether the administrator or executor of the husband of the plaintiff may not maintain an action on the agreement for her benefit, or whether she may not herself bring suit in the name of the executor or administrator, has not been argued to us, and we have not therefore considered it. For these reasons, a majority of the court think that, according to the agreement, the entry must be,     *Judgment for the defendant.*