## Congress Construction Company *vs.* Worcester Brewing Company.

Worcester.     September 30, 1902. — January 5, 1903.

Present: Morton, Lathrop, Barker, & Loring, JJ.

*Practice, Civil,* Parties.     *Estoppel.*

There can be no recovery on a contract under seal against a person not a party to it.

The plaintiff constructed a building on land of the defendant and for the defendant's benefit, but under a contract under seal with a third person, the defendant from time to time making the payments required by the contract. The plaintiff having filed a mechanic's lien on the property and being about to file a petition to enforce it, the defendant gave to the plaintiff a bond to dissolve the lien and prevent the filing of the petition. The bond recited that the third person, who made the contract with the plaintiff, was the agent of the defendant in making the contract and in constructing the building, and that there were disputed items, and the condition of the bond in substance provided that, if anything was found due to the plaintiff either under the contract with the third person or otherwise, the defendant was liable for it and should pay it. In an action for a balance due for the construction of the building, it was *held*, that although the

plaintiff could not recover on the contract under seal to which he was not a party, yet the defendant was estopped by the bond and the recitals contained in it, and the circumstances under which it was given, to deny his liability for anything that should be found due to the plaintiff on account of the construction of the building, and that the plaintiff could recover the balance due to him on a count upon an account annexed.

CONTRACT for a balance of $1,725.77 alleged to be due for the construction by the plaintiff of a brewery on land of the defendant at Worcester. Writ dated December 22, 1898.

The first count set out a contract between the plaintiff and the defendant, for the construction and erection of a brewing plant in the city of Worcester for the defendant and for the machinery thereof; that one M. L. Vanderkloot, the architect and engineer of the defendant, issued a certificate for $8,800; that under the terms of the contract, the plaintiff was entitled for work done upon the defendant's building to a payment of $8,800; that there had been paid upon the certificate $7,074.23, and that there was a balance due on the certificate of $1,725.77.

The second count was upon an account annexed for $1,725.77, the account annexed being certificate No. 12 issued by M. L. Vanderkloot for $8,800, with credits amounting to $7,074.23, showing a balance due of $1,725.77.

The third count was upon an accounting, alleging in the account annexed an amount of indebtedness existing from the defendant to the plaintiff, as ascertained by conferences and agreement between the parties, of $1,725.77.

The fourth count alleged that the plaintiff entered into a written contract with the defendant through one J. Selwin Tait, to build a brewery, a copy of the contract being annexed; that Tait in making this contract acted as agent for the defendant, and that the contract was in fact the contract of the defendant; alleging performance by the plaintiff of all the terms and conditions of its contract and failure by the defendant to pay the balance due upon the contract of $1,725.77.

In the Superior Court the case was tried without a jury before *Gaskill*, J., who found for the plaintiff and reported the case for the consideration of this court.

The recitals and condition of the bond given by the defendant to dissolve the mechanic's lien of the plaintiff, quoted in part by the court, were as follows:

" The condition of this obligation is such, that whereas the said Congress Construction Company in accordance with the terms of a contract entered into between it and James Selwin Tait of New York acting as agent for and in behalf of the said Worcester Brewing Company, has erected certain buildings and provided certain machinery and furnished labor and material therefor under and by virtue of the terms of said contract and claims to have performed and furnished through itself or through sub-contractors, certain other extra work upon said buildings or upon the premises upon which said buildings stand, all of which was done and performed on the land belonging to said Worcester Brewing Company, and -

" Whereas the said Congress Construction Company has filed its claim for a mechanic's lien against said property in the office of the Registry of Deeds for said county, and

" Whereas it is about to file its petition to enforce said mechanic's lien in the Superior Court for said County of Worcester, and

" Whereas there are many items of indebtedness claimed by the said Congress Construction Company which are disputed by said Worcester Brewing Company, and

" Whereas there are many items of offsets in the way of credits and claims for imperfect work and otherwise made by said Worcester Brewing Company against said Congress Construction Company which are disputed and denied by said Congress Construction Company, and

" Whereas the said Worcester Brewing Company desires that the said petition to enforce said mechanic's lien shall not be filed in court as intended by said Congress Construction Company,

" Now, therefore, if the said Worcester Brewing Company shall fully pay, satisfy and indemnify said Congress Construction Company for the amount which shall be found due from said Worcester Brewing Company to the said Congress Construction Company upon the adjustment and settlement of all claims which are made by either side against the other, whether the said settlement and adjustment shall be reached by mutual agreement, by arbitration, by suit at law or otherwise, then this obligation shall be void and have no effect, otherwise it shall be and remain in full force and virtue."

*E. K. Arnold*, for the defendant.

*A. P. Rugg*, (*H. F. Harris* with him,) for the plaintiff.

MORTON, J.    This is an action of contract to recover a balance of $1,725.77 alleged to be due from the defendant on account of the construction of a brewery by the plaintiff on the defendant's premises at Worcester.    The case was heard by the judge without a jury, and the defendant asked the judge to rule that the plaintiff could not recover on either count in the declaration.    The judge refused so to rule, and found for the plaintiff, and the case is here on report.    "If . . . the plaintiff is entitled to recover on any one of the four counts of the declaration, the verdict . . . is to stand; otherwise such order is to be made as may be required by law."

We think that the ruling and finding were right.    For some reason which does not appear the contract for the construction of the brewery was made between the plaintiff and one Tait, and it was under seal.    All the payments however were made by the defendant, and beyond the signing of the contract Tait does not appear to have had anything to do with it, or with the construction of the brewery, but all matters relating thereto were transacted between the plaintiff and defendant.    If the plaintiff's case stood on the contract, it is clear that the plaintiff would not be entitled to recover since the contract is under seal and the defendant is not a party to it.    *Saunders* v. *Saunders*, 154 Mass. 337.    *Flynn* v. *Massachusetts Benefit Association*, 152 Mass. 288.    *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381.    *Flynn* v. *North American Ins. Co.* 115 Mass. 449. But we think that the defendant. is estopped by the bond, and the recitals contained in it and the circumstances under which it was given, to deny its liability for anything that shall be found due the plaintiff on account of the construction of the brewery.    The plaintiff had filed a mechanic's lien, and, as the bond recites, was " about to file its petition to enforce said mechanic's lien in the Superior Court."    The defendant, as the bond also recites, desired that the petition should not be filed, and the bond was given to dissolve the lien and prevent the filing of the petition to enforce it, and accomplished the result desired by the defendant.    There are various other recitals in the bond setting forth that the plaintiff under a contract between it

and Tait acting as agent for and on behalf of the defendant had erected buildings and furnished machinery therefor on land belonging to the defendant, and that many items of indebtedness claimed by the plaintiff were disputed by the defendant, and many items of offsets in the way of credits and claims for imperfect work and otherwise made by the defendant were disputed by the plaintiff.   And the condition of the bond is that, "if the said Worcester Brewing Company shall fully pay, satisfy and indemnify said Congress Construction Company for the amount which shall be found due from said Worcester Brewing Company to the said Congress Construction Company upon the adjustment and settlement of all claims which are made by either side against the other . . . then " etc.   The plain import of the bond is, and we think that it must have been so understood by both parties, that if anything is found due the plaintiff, either under the contract with Tait or otherwise, the defendant is liable for it and agrees to pay it.   This was in accordance with the previous conduct of the parties.   After having procured a dissolution of the lien by means of the bond, it would be manifestly unjust to permit the defendant to avoid liability on the ground that it was not a party to the contract with Tait, unless according to the true construction of the bond its liability is so limited.   As we have already said we do not think that it is.   The bond not only assumes, but expressly recites, that the defendant is the principal in regard to matters pertaining to the construction of the brewery, and as such binds it to pay what may be found due. The error, if there was one, in regard to the legal effect of the contract between the plaintiff and Tait, did not prevent the fact as to the actual relations between the defendant and Tait from being what the bond recites them to have been, or relieve the defendant from the obligations contained in the bond, or from the estoppel created by the dissolution of the lien by means of it.

The remaining question is whether the plaintiff can recover under either count of the declaration, and we think that it is clear that it can under the second if not also under the third. The cause of action set out in the second count is established by means of the estoppel which is matter of evidence and not of pleading.

*Exceptions overruled.*