## MARSHALL v. GREENE et al.
### No. 4563.

District Court, D. Massachusetts.
April 28, 1939.

Richard H. Lee, of Boston, Mass., for plaintiff.

Averill Rosenberg and Israel Bernstein, both of Boston, Mass., for defendant.

BREWSTER, District Judge.

Plaintiff brings this complaint to secure specific performance of a contract to purchase real estate and for compensation to cover expenses incurred and losses sustained.

The plaintiff entered into a written contract, dated June 18, 1937, with the defendant Greene, whereby the plaintiff agreed to sell and Greene agreed to purchase certain real estate, situated in Colebrook, New Hampshire, consisting of land with buildings thereon containing stores and apartments. The contract was under seal.

The agreement as to the purchase price was as follows: "The said Lionel D. Greene agrees to pay said John C. Marshall the sum of Sixteen Thousand Five Hundred & 00/100 ($16,500.) Dollars, less Five Hundred & 00/100 ($500.) Dollars which has this day been paid on the purchase price."

Plaintiff agreed to convey the premises to Greene on or before 90 days from the date of the agreement by good and sufficient warranty deed, subject only to an existing lease described in the contract. The contract was silent as to where the deed was to be delivered and the consideration paid.

The premises were subject to a mortgage of $4,500, held by a local bank. The purchaser was aware of this mortgage and the parties must have contemplated that it was to be discharged out of the proceeds of the sale. Taxes were to be adjusted on a pro rata basis, and plaintiff was to have the income from the property until the deed was delivered.

The defendants, Greene and Levine, are both real estate brokers and dealers, occupying the same office in Boston. They had on other occasions entered upon joint enterprises, and I find they were both interested in this proposed purchase, expecting to sell the property to a chain store which they hoped might be opened in Colebrook. The defendant Levine concedes that he was to finance the purchase.

The plaintiff came to Boston on several occasions and saw one or both of the defendants, urging them to make payments on account of the consideration to be paid for the property. Further payment was refused, the defendants claiming that they were endeavoring to re-sell the property, and until they had effected such a sale they would not be ready to take the property and pay the balance of the purchase price. Finally, just as the 90-day period was about to expire, the plaintiff was advised by the defendants that they had not been able to dispose of the property as they had expected and would not perform their part of the contract; but the defendant Levine suggested that, if the plaintiff would be willing to sell the land without the buildings for $11,000, they might be still interested in acquiring the land. The plaintiff replied that he would take the offer under advisement, and after his return to Colebrook he telephoned Levine that if Levine would pay $5,000 down and he could find a suitable location for the buildings, he would accept the proposition. The counter-proposition of the plaintiff was never accepted and nothing further was done except that the defendant Levine sent a party to Colebrook to look over the real estate and to examine the title.

The plaintiff did not make a formal tender of a deed at any time. A tender would have been futile in view of statements made to the plaintiff by the defendants to the effect that they had no intention of consummating the purchase.

I find, however, that all times during the 90-day period the plaintiff was not only ready and willing but anxious to deliver the deed and in all respects to carry out his part of the contract. While the mortgage had to be discharged, there can be no doubt that arrangements could, and would, have been made for the delivery of the papers at Colebrook or Boston so that the defendant Greene would have acquired the proper-

ty in accordance with the terms of the contract.

The defendants testified that false representations were made regarding the roof of the building.

I find that there was no misrepresentation that would serve as an excuse for the non-performance on the part of the defendants.

The only evidence bearing upon the question of damages is that of the plaintiff, who testified that the property is now worth $11,000.

A vendor of real estate may resort to equity for specific execution of a contract to sell whether the price is inadequate or excessive. Cathcart v. Robinson, 5 Pet. 264, 8 L.Ed. 120; New England Trust Company v. Abbott, 162 Mass. 148, 155, 38 N.E. 432, 27 L.R.A. 271; McClurg v. Crawford, 8 Cir., 209 F. 340; Nelson v. Husted et al., 8 Cir., 182 F. 921.

The failure of the plaintiff to tender a deed does not, under the circumstances disclosed, defeat his right to specific performance. Staples v. Mullen, 196 Mass. 132, 81 N.E. 877; Hazen v. Warwick, 256 Mass. 302, 152 N.E. 342.

The defendant Levine not being a party to the contract, which was an instrument under seal, cannot be held to specific performance even though Greene was acting for Levine as an undisclosed principal. Seretto v. Schell, 247 Mass. 173, 175, 141 N.E. 871.

It was suggested, during the trial, that Levine might be held to account to the plaintiff in damages for inducing a breach of the contract on the part of the defendant Greene. Plaintiff cites Beekman v. Marsters, 195 Mass. 205, 80 N.E. 817, 11 L.R.A.,N.S., 201, 122 Am.St.Rep. 232, 11 Ann.Cas. 332. In this case, the defendant induced a hotel proprietor to break an exclusive contract which he had made with the plaintiff in order that the defendant might derive the benefits that otherwise would have accrued to the plaintiff.

In my opinion, the doctrine in this case does not apply to the facts presented in the case at bar. Levine did no more than refuse to carry out his understanding with Greene, whatever it may have been, with respect to the purchase of this property. There was no contractual relation between him and the plaintiff. While his refusal to go on with the transaction may have furnished Greene with a reason for breaking his contract, and in that sense may have induced the breach, to hold the defendant Levine liable for resulting damages would be tantamount to charging him upon a sealed instrument to which he was not a party. This cannot be done. New England Dredging Co. v. Rockport Granite Co., 149 Mass. 381, 21 N.E. 947; Congress Construction Co. v. Worcester Brewing Co., 182 Mass. 355, 65 N.E. 792; Re-Statement of the Law of Agency, section 191.

Moreover, since there was no meeting of the minds upon the substitution of a later agreement for the written agreement of June 18, 1937, I regard that contract still enforceable against Greene and rule that plaintiff is entitled to a decree for specific performance.

To also hold Levine on any theory would be inconsistent with that remedy. If the defendant Greene is compelled to execute his part of the contract, plaintiff cannot very well ask Levine to respond in damages for inducing Greene to fail in the performance of it.

The bill may be dismissed as to the defendant Levine.

Plaintiff may have a decree for specific performance as against the defendant Greene.