Seon P. BONAN et al., Plaintiffs,

v.

UNITED PACIFIC INSURANCE COMPANY, Defendant.

Civ. A. No. 75–3764–C.

United States District Court, D. Massachusetts.

Dec. 21, 1978.

Julian Soshnick, Kaplan, Greenbladt, Soshnick & Goodman, Philip M. Cronin, Withington, Cross, Park & Groden, Boston, Mass., for plaintiffs.

Peter G. Hermes, Peabody & Arnold, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the Court on defendant's motion for summary judgment pursuant to F.R.Civ.P. 56(b).

An understanding of the claims of the parties to this dispute may be gained by briefly reciting the events preceding the filing of suit. The pleadings on file allege that in 1972, Charles River Park "D" Company (Charles River), a Massachusetts limited partnership, entered into an agreement with the plaintiff, Phoenix Urban Corporation (Phoenix), a Massachusetts corporation, as general contractor, for the construction of Charles River Park "D" Project in Boston, Massachusetts. The project includes several highrise buildings and a precast, prestressed concrete structural garage.

Phoenix entered into a subcontract with Universal Pre-Stressed Concrete (Universal), a division of Gil-Bern Industries, Inc., on March 30, 1973. The subcontract required Universal to perform certain work for the manufacture, delivery and erection of the garage. The original subcontract price was $1,615,000, which was subsequently increased to $1,640,000. As required by the subcontract, Universal furnished a performance and a payment bond, each in the penal sum of $1,615,000 to Phoenix. The performance bond was thereafter amended to include as additional obligees Charles River as owner-obligee and the New England Merchants National Bank as lender-obligee. These bonds were executed by United Pacific Insurance Company (United) as surety on March 30, 1973.

Universal filed a petition under Chapter XI of the Bankruptcy Act in January, 1974. Shortly thereafter Phoenix defaulted Universal on the subcontract and called upon United to undertake the performance of the subcontract. Phoenix, United and Henry Gesmer, Esquire, acting as Receiver for Universal, entered into a Completion Agreement on February 14, 1974, providing for the completion of the subcontract by United.

Thereafter delays in completion arose and United, Phoenix and Charles River entered into an Agreement on September 4, 1974. This agreement extended the completion date of the subcontract to April 15, 1975 for the sole purpose of filing a Notice of Subcontract under Mass.Gen.Laws ch. 254 by United.

Phoenix and United subsequently entered into a Settlement Agreement on March 18, 1975 and an amendment to that Agreement on July 18, 1975 in an attempt to settle certain disputes arising between them. By these agreements the completion date was further extended to July 11, 1975 and August 15, 1975, respectively.

The plaintiffs, Phoenix and Charles River, filed this civil action in the Massachusetts Superior Court on September 5, 1975. In the original complaint plaintiffs sought to dissolve a lien created by its Notice of Subcontract filed by United on August 14, 1975, or, in the alternative, sought a declaration that the lien was unconstitutional. United removed the action to this Court, answered and counterclaimed against Phoenix to recover the balance due under the subcontract.

Plaintiffs then amended their complaint to add three additional counts. Upon defendant's motion for summary judgment, plaintiffs agreed to dismiss counts one and two with prejudice and without costs. Count three contains plaintiffs' claims for breach of contract against United arising from the performance of the subcontract. Count four contains negligence claims by Phoenix and Charles River against United.

Defendant now moves for summary judgment on count three as against plaintiff, Charles River. In count three of their complaint plaintiffs allege breach of the February 14, 1974 Completion Agreement between Phoenix and United. Plaintiffs' complaint further alleges breach of the Settlement Agreement and its Amendment also between Phoenix and United. As a result of the aforesaid breaches of contract, plaintiff claims, "the completion of said garage has been greatly delayed and the plaintiff, Phoenix, has been greatly dam-

aged and has incurred and is still continuing to incur costs and expenses." (Amended Complaint, Count Three, Paragraph 11)

The law is well-settled that a summary judgment shall be rendered if the pleadings, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment in its favor as a matter of law. Defendant contends that plaintiff Charles River was not a party to the agreements alleged to be breached in count three, and, thus, as a matter of law, is not entitled to judgment in its favor.

In its brief in opposition to summary judgment, plaintiff contends that the Completion Agreement, Settlement Agreement and its Amendment were modifications of the performance bond and, as such, the predicate for its breach of contract claim. The clear and unambiguous language of the agreements defeats Charles River's claim. Phoenix and United entered into those agreements to permit United to undertake performance on the subcontract pursuant to the performance bond upon default by the principal. In so doing, United also reaffirmed the performance and payment bonds previously delivered, thereby assuming the dual role of surety and subcontractor. The agreements are not modifications of the performance bond but rather contracts entered into to fulfill the obligations under the bond. Those agreements do not give Charles River any rights beyond those, if any, it may have on the performance bond.

Plaintiff further claims that there are separate oral agreements between Charles River and United upon which it may base its breach of contract claim in count three. In a supporting affidavit, Jerome L. Rappaport, a general partner of Charles River, claims that he and Andrew J. Ruck, Assistant Vice-President of United, reached oral agreements prior to the signing of each written agreement. Rappaport claims that in these oral agreements Charles River agreed to an extension of the completion date, and, in return, United agreed to have the project completed so that the garage would be operational by October 1, 1975.

United has filed a motion to strike that portion of Rappaport's affidavit referring to oral agreements. In considering this motion, it is important to note that Jerome L. Rappaport, a general partner of Charles River, was also a principal in Phoenix. It should be further noted that Rappaport negotiated the oral agreements on behalf of Charles River between September, 1974 and July 18, 1975 and that during this same period Rappaport also signed the aforementioned written agreements on behalf of Phoenix. Moreover, each of the written agreements between Phoenix and United contained a provision as to when United was to complete its work. Charles River assented in writing to the completion dates set forth in the written agreements without becoming a party to those agreements. See agreements dated September 4, 1974, March 18, 1975 and July 18, 1975. Such a situation demands application of the parol evidence rule. Where the written agreements contain unambiguous, precise language as to the completion date, the parol evidence rule bars from consideration any contemporaneous oral agreements to vary the written instruments which integrate the agreement of the parties. 6 Pt. 2 Moore's Federal Practice ¶ 56.17[43], at 56–954 (2d ed. 1976). Accordingly, defendant's motion to strike reference to oral agreements is allowed.

I rule that plaintiff Charles River's action is predicated upon the Completion Agreement, the Settlement Agreement and its Amendment, that there is no factual issue as to the agreements entered into, and that there is no factual issue as to the parties to those agreements. The preceding facts reveal that the Agreements were negotiated and concluded between only Phoenix and United. Charles River was not a signatory to the Completion Agreement. By the express language of the Settlement Agreement and its Amendment, Charles River was not deemed to be a party to those agreements. The uncontroverted facts are that Charles River was not, and is not, a party to those agreements upon which count three is predicated, and I rule as a

matter of law that Charles River may not sue on those agreements. The law in Massachusetts is well-settled that an action on a contract must be brought by a party to the contract. *Saunders v. Saunders,* 154 Mass. 337, 28 N.E. 270 (1891). In addition, Charles River has not alleged breach of its agreement with United dated September 4, 1974.

In summary, since count three is predicated solely upon the written agreements between Phoenix and United, and no factual issue with respect to those agreements exists between plaintiff Charles River and the defendant, the motion for summary judgment should be granted.

Order accordingly.