Donohue, J.
INTRODUCTION
Reginald Fisk, a defendant to the counterclaim, moved for summary judgment on January 8, 1998. The Plaintiffs-in-Counterclaim, Peter Osgood and Douglas Anderson, opposed the motion. A hearing was held on April 24, 1998, at which time the parties presented arguments in support of their positions. For the following reasons, Reginald Fisk’s Motion for Summary Judgment is allowed.
BACKGROUND
Briefly, the undisputed facts are as follows. The plaintiff, Robert Elms, and Fisk, were the sole stockholders and owners of E&F Diamond Engineering, Inc. (“E&F”). On or about July 1, 1991, Elms and Fisk (in their corporate capacities) entered into a contract with the defendant, Diamond Engineering and Technology, Inc. (“DETI”), for the sale of the assets of E&F (“Agreement”). Under the Agreement, DETI executed promissory notes in favor of Elms and Fisk, and agreed to make payments consistent with the terms of these promissory notes and other terms of the Agreement. In addition, the individual defendants, Osgood and Anderson, guaranteed two notes executed by Elms and the Plaintiff Mary Elms, in favor of the Worcester County Institute for Savings.
Osgood and Anderson submitted uncontroverted evidence that prior to the execution of the agreement, Elms and Fisk made statements to Osgood and Anderson regarding the business. Such statements included representations regarding the potential sales revenues, account sources, workmanship of technology, and business costs. In addition, there is some evidence that Elms provided false market potentials, and failed to disclose important information regarding E&F.
Osgood, Anderson and DETI made payments according to the terms of the Agreement from August 1991 through May 1992. No further payments were made by Osgood, Anderson or DETI after May 1992. DETI ceased operations in mid-1992.
DISCUSSION
A. Procedural History
On May 31, 1996, R. Elms and M. Elms commenced the primary action against the Defendants. Fisk was not a party to the primary action. The complaint in the primary action sought to recover the amount owed under a promissory note in the amount of $100,000.00 to Elms from DETI, and the amount owed under the terms of the Guaranty. Summary judgment was granted in Elms’s favor on the promissory note, and summary judgment was granted in favor of R. Elms and M. Elms in the amount of $10,545.43 on the Guaranty. See order of this Court dated May 13, 1998.
Through their answer filed on July 6, 1996, the individual defendants presented a counterclaim against Elms, and sought to join Fisk as a defendant-in-counterclaim as well. The motion to join Fisk as a defendant-in-counterclaim was allowed by this Court (Fecteau, J.) on August 6,1996. The counterclaim sets forth the following counts, all originating from the terms of the Agreement: intentional misrepresentation, fraudulent inducement, breach of contract breach of fiduciary duty, conversion, and violations of G.L.c. 93A.
Fisk seeks summary judgment on the counterclaim. In support of his motion Fisk argues that he is a third-party defendant to the counterclaim, and not a defendant-in-counterclaim. The effect of this status, so the argument continues, is that the rules regarding statutes of limitations applies without exception, and thus the counterclaim is untimely and filed outside the applicable statute of limitations period. The Defendants/Plaintiffs-in-Counterclaim contend that Fisk is a defendant-in-counterclaim, and cite G.L.c. 260, §36 to defend the vitality of the counterclaim.
B. Summary Judgment Standard
Summary judgment will be granted where there are no genuine issues of material fact and where the record presented entitles the moving party to judgment as a matter of law. See Cassesso v. Comm'r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c) (1997). The moving party bears “the burden of demonstrating that there is no genuine issue of material fact on every relevant issue.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The parties agree on the above facts for the purpose of this motion for summary judgment.
*475 C. Fisk’s Status As A Party
The Massachusetts Rules of Civil Procedure permit Osgood and Anderson to file a counterclaim against Elms as a plaintiff to the original action. See Mass.R.Civ.P. 13. A counterclaim is an action against an opposing party. See id. at (a) and (b). A person who is not a party to the original action may be made a parly to a counterclaim through Rules 19 or 20. See Mass.R.Civ.P. 13(h). Osgood and Anderson moved to join Fisk as a defendant to the counterclaim, which motion was allowed. Although the motion sought to make Fisk a defendant-in-counterclaim, the effect of this motion instead made Fisk a defendant to the counterclaim. This is the necessary result because prior to the filing of the counterclaim and the joinder of Fisk as a defendant to the counterclaim, Fisk was not an “opposing parly” as required by the Rules. Any claim filed against Fisk by Osgood and Anderson was an original claim, not a claim against Fisk as an opposing party.[3] Thus, although the motion sought to join Fisk to the action as a defendant-in-counterclaim, this effort could not be achieved unless the Court ordered Fisk to be joined as a plaintiff to the original action. As Fisk has not been made a plaintiff on the original complaint, he is not an opposing parly and Osgood’s and Anderson’s claim is not a counterclaim as it applies to Fisk. Fisk is a defendant to the counterclaim.
D. The Merits of the Motion for Summary Judgment
Because the counterclaim, as it applies to Fisk, is technically an original complaint, the statutes of limitations apply as if it were not a counterclaim. Thus, Osgood and Anderson are not entitled to the protection of G.L.c. 260, §36.
1. Counts I and II
Count I of the action against Fisk (and R. Elms) alleges that R. Elms and Fisk made intentional misrepresentations to Osgood and Anderson. Osgood and Anderson allegedly relied upon these representations to their detriment, causing them damages. The second count of the Osgood-Anderson claim against Fisk alleges that Elms and Fisk made fraudulent misrepresentations to Osgood and Anderson for the purpose of inducing Osgood and Anderson to purchase the assets of E&F and to make substantial investments into the business. These allegations constitute claims in tort for fraudulent misrepresentation and inducement or deceit. Actions alleging misrepresentation must be commenced within three years after the time that the injured party learns of the misrepresentation. See McEneaney v. Chestnut Hill Realty Corp., 38 Mass.App.Ct. 573, 576-77 (1995), rev. denied 420 Mass. 1107. See also G.L.c. 260, §2A. Allegations of deceit likewise cany a three year statute of limitations. See Town of Mansfield, v. GAF Corp., 5 Mass.App.Ct. 551, 554-55 (1977); G.L.c. 260, §2A.
In mid-1992, Osgood and Anderson ceased operations at DETI. Although Osgood’s and Anderson’s answers to interrogatories both indicate that they knew of the misrepresentations as early as November 1991, this Court makes the reasonable inference in favor of the Plaintiffs-in-Counterclaim that the earliest they were aware of the alleged misrepresentations and actions which constitute the alleged deceit was at the time that DETI ceased doing business. See Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995) and cases cited; 10A C.A. Wright, A.R. Miller, & M.K. Kane, Federal Practice and Procedure, §2727, at 124-25 (2d ed. 1983). If DETI’s business operations ceased in June 1992, the statute of limitations on the instant action for fraudulent misrepresentation and inducement or deceit commenced running at that time, and expired three years thereafter, in June 1995. Based upon this analysis, Counts I and II of Osgood’s and Anderson’s claim, as it applies to Fisk, are barred by the statute of limitations, as the claim was not filed until July 1996.
2. Count III
Under the Agreement, Elms and Fisk agreed to manufacture new products for DETI using new technology possessed by E&F. Count III alleges that Elms and Fisk breached their contractual obligations by manufacturing inferior products. Alleging breach of the terms of the Agreement, Count III enjoys a six-year statute of limitations. See G.L.c. 260, §2. Again, for purpose of this motion the Court makes the reasonable inference in Osgood’s and Anderson’s favor that the latest time that the Agreement was breached by Elms and Fisk was at the time DETI ceased operations, or June 1992. Thus, the statute of limitations applicable to Count III will not expire until June 1998, or six years after the cause of action accrued.
However, summary judgment must enter against Osgood and Anderson, as they lack the ability to recover for the alleged breach of contract. Fisk correctly notes that Osgood and Anderson did not execute ■the Agreement in their individual capacities, but rather in their corporate capacities. It is a well established principle in Massachusetts contract law that only the parties to the contract, or its beneficiaries, may recover for breach of the contract. See Saunders v. Saunders, 154 Mass. 337, 338 (1891), and cases cited; Choate, Hall and Stewart v. SCA Services, Inc., 379 Mass. 535, 542-45 (1979) (discussing action by creditor beneficiaxy). See also Bonan v. United Pac. Ins. Co., 462 F.Sup. 869, 872 (1978) (citing Saunders). Because Osgood and Anderson did not execute the Agreement in their individual capacities, and there being no evidence that Osgood and Anderson were beneficiaries of the contract, they are not entitled to recover for a breach of that contract. Similarly, Elms and Fisk could not, for example, bring a cause of action to require Osgood and Anderson in their individual capacities to make payments due from DETI.
*476 3. Count IV
Through their complaint, Osgood and Anderson allege that Elms and Fisk breached their fiduciary duties to Osgood and Anderson when they breached the terms of the Agreement and converted property. As noted above, Osgood and Anderson cannot recover for damages for breach of contract. In addition, a claim for breach of fiduciary duty sounding in tort must be brought within three years of its accrual. See Demaulas v. Demoulas Super Markets, Inc., 424 Mass. 501, 517-18 (1997); Locicero v. Leslie, 948 F.Sup. 10 (1996); G.L.c. 260, §2A. Such a claim accrued when Osgood and Anderson knew or reasonably should have known of the harm caused by Elms and Fisk. See Locicero, 948 F.Supp. at 12, citing Riley v. Presnell, 409 Mass. 239, 243 (1991). Using June 1992 as the latest possible time that Osgood and Anderson should have known about the alleged breach of fiduciary duty, the claim set forth in Count IV is barred by the statute of limitations.
4. Count V
Count V of Osgood’s and Anderson’s claim alleges that Elms and Fisk committed acts amounting to conversion of property. Tortious conversion of property is governed by G.L.c. 260, §2A, which imposes a three year statute of limitations. See G.L.c. 260, §2A, Megna v. Marriott Hotel, 1995 WL 808632, 3 (Superior Court, 1995); Lindstrom v. Baybank, 1993 WL818593, 1 (Superior Ct. 1993). Upon discovery of the conversion, which would have been no later than June 1992, Osgood and Anderson had three years in which to commence this action. The claim against Fisk is untimely, and barred by the statute of limitations.
5. Count VI
The last count of Osgood’s and Anderson’s claim alleges that Elms and Fisk violated the terms of G.L.c. 93A. G.L.c. 260, §5A requires that actions alleging violations of chapter 93A be brought within four years of their accrual. The latest possible time that the cause of action would have accrued, as set forth above, was June 1992. Osgood and Anderson did not file their claim (nor did they seek to add Fisk as a defendant)' until July 1996. Because Osgood and Anderson did not file this action prior to June 1996, the action is barred by the statute of limitations.
ORDER
For the foregoing reasons, it is hereby ORDERED that Reginald Fisk’s Motion for Summary Judgment on Claims Made by defendants Peter Osgood and Douglas Anderson is ALLOWED.

 The action against Fisk is not a third-party complaint, as third-party complaints are utilized for indemnification and contribution actions. See Mass.R.Civ.P. 14.