RUFUS A. WILLS & others *vs.* WILLIAM BROWN & others.

Suffolk.    March 8. — June 26, 1875.    COLT & AMES, JJ., absent.

A. purchased goods with funds advanced by B., and shipped them under a bill of lading in which B. was named as the consignee.   B. indorsed the bill of lading to A. under an agreement that A. was to sell the goods and account to B. for the proceeds.   The carrier refused to deliver the goods to A. until the freight was paid. B. thereupon orally agreed with the carrier to pay the freight, and the carrier delivered the goods to A.   *Held,* that the promise of B. to pay the freight was not a promise to pay the debt of another, within the statute of frauds.

CONTRACT on an agreement to pay the freight of a cargo of goods carried by the plaintiffs under bills of lading by which the goods were deliverable to the defendants or assigns.   The defendants indorsed the bills of lading over to William F. Parrott, to whom the plaintiffs delivered the goods.   Trial in this court, before *Morton,* J., who, after a verdict for the plaintiffs, allowed a bill of exceptions, the substance of which appears in the opinion.

*E. Merwin,* for the defendants.

*R. D. Smith,* for the plaintiffs.

ENDICOTT, J.   The goods in question were purchased by Parrott with credit furnished by the defendants, who, as provided in their letters of credit, took the bills of lading in their own names as security.   On arrival, the bills which ran to the defendants or their assigns were indorsed to Parrott, who gave the defendants a trust receipt, wherein he agreed to sell the goods, and hand over the proceeds to the defendants in payment for their advances.   The receipt also recites that the intention of the arrangement was to protect and preserve unimpaired the lien of the defendants on the property.

These facts were known to the plaintiffs, and there was evidence that they refused to deliver the goods to Parrott, and so discharge their lien for the freight, unless the defendants would agree to pay it; and at an interview with the defendants' agent he promised orally that the defendants would pay the freight, and the plaintiffs thereupon delivered the goods to Parrott.

It is clear that the defendants had an interest in these goods, a right to the possession under their bills of lading, and could enforce their lien for advances.   They could do this by an agent, and Parrott could properly be their agent.   The goods were as

much theirs for the protection of their lien after they had made Parrott their agent, as before. *Thayer* v. *Dwight*, 104 Mass. 254. Under these circumstances, the promise to pay the freight, if the plaintiffs would deliver the goods to Parrott, was not for the mere purpose of paying the debt of Parrott, but to obtain a transfer of the goods, in which they had an interest, in order that Parrott might sell them and devote the proceeds of the sale to the payment of their debt. By the delivery, a benefit enured directly to the defendants. The case falls within the rule stated in repeated decisions of this court : that when the plaintiff has, in consideration of the promise by the defendant, relinquished some lien, benefit or advantage for securing his debt, and transferred that interest, or some equivalent benefit, to the defendant, it is a new and independent contract between the parties, although the result is that the payment of the debt of another is incidentally and indirectly effected. *Nelson* v. *Boynton*, 3 Met. 396. *Curtis* v. *Brown*, 5 Cush. 488. *Alger* v. *Scoville*, 1 Gray, 391. *Jepherson* v. *Hunt*, 2 Allen, 417. *Dexter* v. *Blanchard*, 11 Allen, 365. *Furbish* v. *Goodnow*, 98 Mass. 296. *Ames* v. *Foster*, 106 Mass. 400. See also *Williams* v. *Leper*, 3 Burr. 1886 ; *Castling* v. *Aubert*, 2 East, 325 ; *Edwards* v. *Kelly*, 6 M. & S. 204 ; *Fitzgerald* v. *Dressler*, 7 C. B. (N. S.) 374.

The ruling at the trial was correct, that, if the jury should find that the defendants promised to pay the freight, if the plaintiffs would release their lien for the same, and the plaintiffs, relying on the promise, did so, and delivered the goods to Parrott, the promise was binding, though not in writing.

*Exceptions overruled.*