ROBERT R. FEARS & another *vs.* JOB STORY.

Essex. Nov. 5, 1880. — April 5, 1881. ENDICOTT & ·FIELD, JJ., absent.

If the owner of a vessel, subject to a lien for a debt incurred by a former owner, agrees to pay the lien, on the holder of the lien forbearing to enforce the same, this is not a promise to pay the debt of another, within the statute of frauds.

CONTRACT. The declaration, which contained three counts, ' alleged in substance that the defendant was the owner of the schooner Moses Knowlton, on which the plaintiffs held three liens; that they were about to institute proceedings to enforce the liens, when the defendant promised to pay the amount of the liens in consideration of their forbearing to enforce them ; and that they did so forbear. Answer: 1. A general denial. 2. The statute of frauds. Trial in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions in substance as follows:

The evidence tended to show that, in June 1877, the plaintiffs sold to John Low, Jr., who then owned the schooner, certain rigging materials and other goods for the schooner ; and that, in March 1878, Low conveyed the schooner to the defendant; that, in July 1878, the defendant asked them to allow the schooner to proceed to sea, which they refused to do unless the liens were paid ;· that the defendant thereupon promised to pay them one third of the amount of their liens in cash, and the balance when he sold the vessel or as the vessel earned the money ; and that the plaintiffs accepted this offer, and allowed the vessel to proceed to sea, and did not prosecute their liens.

The defendant introduced evidence tending to show that he promised to pay one third of the amount as above stated, but that he never promised to pay· the balance ; and that he did not agree with Low to pay the liens. It was admitted that the defendant paid the sum of $320 on the liens. In 1879, the defendant sold the schooner, and has refused to pay the balance claimed by the plaintiffs.

The plaintiffs testified that the materials for the schooner were furnished to John Low, Jr.; that they had never released Low from his debt, or discharged the liens against the vessel, but still held them ; that the defendant's promise was not in

writing; that they refused to let the schooner proceed to sea unless the liens were paid; and that the matter still stands on their books the same as when originally charged to the schooner, except the credit for $320 paid.

It was admitted that the certificates of liens were duly recorded in the city clerk's office at Gloucester, and that they were valid, and the amounts therein were not disputed, but no proceedings in court upon said liens were ever commenced.

The foregoing was all the evidence material in the case bearing upon the statute of frauds.

The defendant asked the judge to rule that there was no evidence that the plaintiffs ever released or agreed to release Low from his original contract, or discharged the liens; and that the promise to pay by the defendant must be in writing to hold him.

The judge refused so to rule; but ruled that an agreement by the plaintiffs to forbear to enforce the liens, and actual forbearance under such an agreement, would be a sufficient consideration for the defendant's promise to pay the plaintiffs' claim, although not in writing.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*G. F. Mears*, for the defendant.

*C. P. Thompson*, for the plaintiffs.

SOULE, J.   The plaintiffs had liens on the defendant's schooner Moses Knowlton for the amount due them for materials furnished to a former owner of the schooner in her construction.   They refused to permit the schooner to go to sea unless the liens were paid.   Thereupon the defendant made an oral promise to pay one third of the amount of their liens in cash, and the balance when he sold the vessel, and the plaintiffs accepted the offer, permitted the vessel to go to sea, and did not prosecute their liens.   The defendant paid a part of the amount of the liens, and afterward sold the vessel.   He now contends that the plaintiffs cannot maintain this action for the unpaid balance, because the original debtor was not released when his promise was made, and the liens have not been since discharged, so that the promise was within the statute of frauds, being a verbal promise to pay the debt of another.

By permitting the vessel to go to sea and forbearing to enforce their liens, the plaintiffs abandoned, for the time being at least, the advantage which their liens gave them for securing their debts, for the benefit of the defendant, who thereby gained the opportunity to send his vessel to sea, and put her in the way of earning money, and beyond the jurisdiction of the courts of the Commonwealth, so that they could not enforce the liens; and the further opportunity, with the assent of the plaintiffs, to sell the vessel. It might well be urged by one purchasing her that he took her discharged of the liens, by virtue of the agreement between the parties, so that the liens are absolutely gone; but whether this be so or not, we are of opinion that the facts of the case bring it within the rule which has been repeatedly laid down by the court in its decisions; that, when the plaintiff has, in consideration of the promise by the defendant, relinquished some lien, benefit or advantage for securing his debt, and transferred that interest, or some equivalent benefit, to the defendant, the promise is a new and independent contract, although the result is that the payment of the debt of another would be incidentally effected by the performance of the contract. The decisions of this court, as well as some English cases to this effect, are collated in the opinion in *Wills* v. *Brown*, 118 Mass. 137.

The judge who presided at the trial in the Superior Court was right in refusing to rule as requested by the defendant, and the ruling actually made was correct.

*Exceptions overruled.*