MICHAEL SERETTO *vs.* WILLIAM I. SCHELL & others.

Suffolk.　October 19, 1923. — December 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, & PIERCE, JJ.

*Seal. Equity Jurisdiction,* Specific performance. *Contract,* Under seal, Ratification, Performance and breach. *Agency,* Undisclosed principal. *Estoppel. Equity Pleading and Practice,* Bill.

From the allegations of a bill in equity against several defendants for specific performance of an agreement in writing between the plaintiff and the first defendant for the conveyance of real estate to the plaintiff, the following facts appeared: The *in testimonium* clause of the instrument stated that it was signed by both parties under seal. The first defendant affixed a seal to his signature. The plaintiff did not. The agreement purported to be made by the first defendant as the owner of the property, but he did

not own it, the record title being in a second defendant, who held it for the benefit of a third defendant. At the time of the execution of the instrument, the plaintiff paid a part of the consideration named to the first defendant by a check which was indorsed to and received by the third defendant. The second defendant conveyed the property to still other defendants, who were alleged to have received it without consideration and with notice. The defendants repudiated the agreement. The defendants demurred to the bill for want of equity' and because the plaintiff had an adequate remedy at law. *Held,* that

    (1) The fact that the plaintiff had signed the instrument without a seal was immaterial in the circumstances;

    (2) In the circumstances, the instrument under seal could not be ratified by the real owners of the real estate as their contract;

    (3) As no relief could be obtained against the real owner of the title at the time it was conveyed, no relief was open against subsequent owners of the title even though they took without consideration and with notice; and no circumstances appeared which would estop others than the first defendant to repudiate the contract;

    (4) The bill should be dismissed for want of equity;

    (5) The bill should not be retained simply for the assessment of damages, since the plaintiff had an adequate and complete remedy at law.

BILL IN EQUITY, filed in the Superior Court on November 10, 1922, and afterwards amended, against William I. Schell, John C. Taylor, Bertha E. Arseno, Ira W. Shapira, Abraham Richman, Simon Grinspoon and Israel M. Levin, for specific performance of an agreement for the purchase of certain real estate in Chelsea.

A copy of the agreement was annexed to the bill and showed that the *in testimonium* clause read " In witness whereof the said parties hereto, and to another instrument of like tenor, set their hands and seals on the day and year first above written." William I. Schell signed opposite his seal; Michael Seretto signed without a seal. By the terms of the agreement, the conveyance was to be made on November 17, 1922. On the execution of the instrument the plaintiff paid to Schell $500.

At the time of the making of the agreement, the record title of the property stood in the name of the defendant Taylor as trustee of the " City and Suburban Real Estate Trust," but the title was so held for the sole interest and benefit of the defendant Shapira. The plaintiff alleged that Schell in making the agreement was the agent of Taylor and Shapira, and that the $500 which he paid to Schell was received by Shapira.

Schell refused to carry out his agreement. Taylor sold the property to the defendant Arseno on October 19, 1922, and he subsequently sold it to the defendants Richman and Grinspoon on November 2, 1922, and they at once conveyed the property in mortgage to the defendant Levin. The defendants Arseno, Richman and Grinspoon were alleged to have paid no consideration and to have received and made the conveyances falsely and for the purpose of defrauding the plaintiff and preventing him from obtaining legal title to the property.

The defendants Schell, Taylor, Arseno and Shapira demurred to the bill on the ground that it did not set forth such facts and causes as entitled the plaintiff to any relief in equity, and on the ground that upon its allegations the plaintiff had " an equitable remedy at law." The demurrers were heard by *Wait*, J., and were sustained, and by his order a final decree was entered dismissing the bill. The plaintiff appealed.

*W. E. L. Dillaway*, (*F. C. Allen* with him,) for the plaintiff.

*C. S. Hill*, for the defendants Schell, Taylor, Arseno and Shapira.

*J. C. Johnston*, for the defendants Richman, Grinspoon and Levin.

BRALEY, J. The contract, specific performance of which is sought by the amended bill, expressly purports to be made by the defendant Schell as party of the first part, who affixed a seal to his signature as recited in the *in testimonium* clause, and it is immaterial to our decision that the plaintiff, party of the second part, signed without a seal. The demurrers having admitted all material allegations, it is manifest that at the date of the contract the defendant Taylor held the record title to the property as trustee of the City and Suburban Real Estate Trust for the sole interest and benefit of the defendant Shapira, and that Schell, who had no title, acted as their agent in making the sale.

It is settled, that ordinarily " where an agreement is made with an agent, for the sole and exclusive benefit of his principal, the principal has the legal interest," and accordingly upon proof of the existence and identity of the undisclosed

principals, Taylor and Shapira, who will be referred to as the defendants, the plaintiff could hold them to specific performance even if they are not named as the owners. *Eastern Railroad* v. *Benedict,* 5 Gray, 561, 562. *Jacobson* v. *Perman,* 238 Mass. 445. *Pease* v. *Pease,* 35 Conn. 131. But this rule does not apply to an instrument under seal made by an agent, unless it is made in the name of his principal, and the fact that the contract would have been valid without being under seal does not in the case at bar change the rule. *Elwell* v. *Shaw,* 16 Mass. 42. *New England Marine Ins. Co.* v. *De Wolf,* 8 Pick. 56, 61. *Brinley* v. *Mann,* 2 Cush. 337, 340. *Seaver* v. *Coburn,* 10 Cush. 324. *Barlow* v. *Congregational Society in Lee,* 8 Allen, 460. " Assuming that, if it clearly appeared from the face of the document that the contract was intended to bind one who by the technical rules applied to sealed instruments was not bound, the seal, if unnecessary, might be disregarded in some cases, (*Cook* v. *Gray,* 133 Mass. 106, 111,) still, when the instrument discloses no such intent, is complete on its face, and is framed throughout as a deed only intended to bind those whom it purports to bind, it would overthrow the distinction between specialty and parol if the seal could be rejected in order to charge an undisclosed principal . . . ." *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381, 384. *Congress Construction Co.* v. *Worcester Brewing Co.* 182 Mass. 355. *Briggs* v. *Partridge,* 64 N. Y. 357. *Providence* v. *Miller,* 11 R. I. 272. See *Bacon* v. *Hooker,* 177 Mass. 335, 337. Compare *Copeland* v. *Mercantile Ins. Co.* 6 Pick. 198, *Ward* v. *Bartholomew,* 6 Pick. 409, *Fullam* v. *West Brookfield,* 9 Allen, 1. If the contract had purported to have been made in the names or behalf of the defendants, or language had been used showing that Schell acted solely in a representative capacity, the argument of plaintiff's counsel that the instrument should be treated as if unsealed, and therefore as a simple contract, would be of much force. *New England Marine Ins. Co.* v. *De Wolf, supra. Milton* v. *Mosher,* 7 Met. 244. *Sherman* v. *Fitch,* 98 Mass. 59. *Blanchard* v. *Blackstone,* 102 Mass. 343, 346, 347. *Cook* v. *Gray,* 133 Mass. 106, 110.

The plaintiff having paid by check to the order of Schell the first instalment on the purchase price, which was indorsed to, received and collected by Shapira for himself and Taylor as part of the consideration, it is contended that ratification could be found. A sealed instrument undoubtedly may be ratified by parol. *Gross* v. *Cohen,* 236 Mass. 468. But the contract to be ratified was by reason of the seal the agreement of Schell and not a contract of his undisclosed principals.

It is also urged that the defendants are estopped from repudiating the contract. The amended bill however contains no allegation that Schell with the defendants' knowledge and acquiescence was permitted to deal with the property as if he were the true owner for the purpose of misleading and defrauding the plaintiff. *Snow* v. *Hutchins,* 160 Mass. 111.

The subsequent conveyance by the owners to the defendant Arseno, and the conveyance by her to the defendants Richman and Grinspoon, who mortgaged the property to the defendant Levin, which are alleged to have been without consideration and made in furtherance of a plan to prevent the plaintiff from acquiring title, are not open to attack because of the failure to obtain relief against Taylor and Shapira.

While the amended bill is framed in the alternative that if specific performance cannot be decreed, damages may be assessed, and the defendant Schell contracted and bound himself to convey property, of which he was not the owner at the date of the contract and to which he is not alleged to have since acquired title, the question, whether his inability of performance entitles the plaintiff to damages, may be determined in an action at law. *Milkman* v. *Ordway,* 106 Mass. 232, 253, 254. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 47, 48. *Wentworth* v. *Manhattan Market Co.* 216 Mass. 374, 380. *Kennedy* v. *Hazelton,* 128 U. S. 667.

The decree sustaining the demurrers and dismissing the amended bill is

*Affirmed.*