Mason, J.
The material portion of the plaintiff’s declaration is as follows, viz.:
“And now comes the plaintiff in the above entitled action and says that he loaned the sum of two hundred dollars ($200) to one Flora E. Smith on March 6th, 1929, and that subsequently the said Flora E. Smith died, and that the defendant, daughter of the said Flora E. Smith, promised the plaintiff that she would pay in full the amount of his claim plus interest due at the rate of six per cent (6%) from March 6th, 1931.
Wherefore the plaintiff says that the defendant owes him the sum of Two hundred Dollars ($200.00) principal and sixty-four dollars ($64.00) interest from March 6th, 1931, to July 6th, 1936, a total of Two hundred and Sixty-four Dollars ($264.00.)”
*630 The defendant’s answer is: A general denial; payment if ever owed; the Statute of Limitations; the Statute to Prevent Frauds and Perjuries, and lack of consideration.
The defendant made the following requests for rulings, viz:
1. That the declaration of the plaintiff as amended alleges a promise on the part of the defendant to answer for the debt, default or miscarriage of another.
2. That the answer of the defendant as amended sets up the defense, the Statute to Prevent Frauds •and Perjuries, and evidence offered in support of the plaintiff’s claim, or some note or.memorandum thereof, must be in writing.
3. That no sufficient promise in writing, or note or memorandum thereof in support of the plaintiff’s claim was offered in evidence.
4. That on all the evidence the plaintiff is not entitled to recover.
5. That the plaintiff’s declaration as amended is not sufficient in law to maintain his action.
6. That, the plaintiff’s declaration fails to allege any consideration in support of his claim.
7. That the plaintiff’s declaration as amended does not set forth a cause of action.
The plaintiff also filed requests for rulings, which requests were refused. The rulings requested by the defendant were refused, except in so far as they may conform with the rulings stated in the findings filed by the Trial Court, the material parts of which are as follows—
Upon all the evidence I find that the plaintiff on March 6th, 1929, loaned to said Smith the sum of Two Hundred Dollars ($200.00), and that she paid to the plaintiff the interest on this loan to about April 1931; that sometime in April 1931, said Smith deceased and that later said defendant was appointed Administratrix of said Smith’s Estate; that the defendant was the only heir-at-law and the only one interested in the distribution of said Estate, aside from the creditors *631 and said Administratrix; that the' Estate consisted of a small amount of personal property and encumbranced real estate; that several times before and after the expiration of the year from the date of said appointment of the Administratrix, the plaintiff requested of said Administratrix the payment of his said bill and stated his intentions of enforcing his claim against said Estate; that the defendant requested the plaintiff to refrain from bringing any action on his claim and compel the sale of the real estate thereby on account of depression, which would cause a loss to the Estate and herself; that the defendant promised the plaintiff if he would so refrain from bringing any action on his said claim against said Estate that she herself would assume and pay the same first of all. The plaintiff relying upon this promise did not bring any suit against said estate, and the year prescribed for bringing suit on such claims against said Estate expired. The plaintiff lost the opportunity to enforce his claim against said Estate; that the defendant has since refused to pay said claim either as Administratrix or individually.
There was no promise, contract or agreement in writing concerning the above claim, as prescribed by Ohapter 259, Section 1, of the General Laws.
I find that the plaintiff’s forbearance to sue on his claim and 'his reliance on the aforesaid promise of the said defendant to pay the same enabled the defendant to obtain title to said real estate in Leominster, Massachusetts, and saved a sale thereof under adverse conditions, and that the plaintiff by entering into said agreement, between him, and the defendant individually, lost the opportunity to enforce his claim against said Estate.
I find that said promise does not come within the Statute, §1, Ch. 259, of the General Laws, and that there was due and owing plaintiff by defendant at the time of bringing said action the sum of Two Hundred Dollars ($200.00). I disallow any claim for interest on said claim on account of the absence of sufficient evidence of proof thereof.
The first request asks for a construction of the language of the declaration. This language is not absolutely clear.
*632 The phrase “That she -would pay in full the amount of his claim plus interest” might mean a promise to pay the claim, but it is also possible to interpret it as a promise to pay an amount equal to such claim. In view of the evidence received in this case we cannot say that the Trial Court was wrong in refusing this request.
The third request is for a finding of fact. It was granted in substance, if not in terms.
The fourth request is not in conformity with the rules of the District Courts, and therefore needs no discussion.
The fifth, sixth and seventh requests relate to objections to the declaration which should have been taken by demurrer. If the objections had been so taken, any merely formal defects could have been remedied by amendment.
The second request raises the important question whether the promise declared-bn.is-within the statute of frauds.
The defendant’s answer sets up the first and second clauses of the first section of the 'statute of frauds, G. L. (Ter. Ed.) Ch. 259 §1. It appeared in evidence that the defendant was administratrix of the estate of the person to whom the loan was made, although this is not alleged in the declaration. If this were the only relation of the defendant to the estate of her mother, the first clause of this section of the statute of frauds would on the facts shown be a complete defense to this action.
The question still remains whether the promise of the defendant is within the familiar second clause of this section of the statute of frauds — “To charge a person upon a special promise to answer for the debt, default or misdoings of another”.
One of the most recent cases involving this clause of the statute of frauds is Kalker v. Bailen, 290 Mass. 202. It is there stated at page 205 “As the statute of frauds was pleaded, the burden rested upon the plaintiff either to *633 prove a memorandum sufficient to satisfy the statute or to prove an original promise by the defendant to which the statute does not apply.”
The question bef ore us then is the question whether the plaintiff has proved an original promise by the defendant to which the statute does not apply.
In the opinion in Kalker v. Bailen, 290 Mass. 202, at page 206, it is stated — “In many cases it has been held that a promise is, or may be found to be, an original one because the promisor received from the promisee in exchange for it some new interest in property which he had not previously owned or the discharge of a lien or of some other incumbrance on property in which he was interested. ’ ’
In the case of Kalker v. Bailen, from which we have just quoted, it was held that the evidence showed that the new promise made by the defendant was collateral to a still existing contract liability of a third party, and that by reason of this fact, the statute of frauds was a bar to the action.
In Nelson v. Boynton, 3 Met. 396, which is a leading case upon the construction of this clause of the statute of frauds, the following statement is made at page 404 — “If at the time of that discontinuance the statute of limitations had actually taken effect, so that the discontinuance of the action was, in effect, a discharge of the debt, by a discharge of- all remedy to recover it, so that the promise of the son may be considered as having procured the discharge of the debt due from the- father, it might present a different question, on which we are not called, by the present state of facts, to give an opinion.”
In the present case the forbearance to sue permitted the statute of limitations to become a bar to a suit against the person to whom the loan was made. This may well have been taken into account by the Trial Court in de *634 elding, in effect, that this was a new promise in substitution for the promise of the original promisor, and not merely an added liability collateral to such original promise.
There is a full discussion of this clause of this section of the statute of frauds in Colpitts v. L. C. Fisher Co., 289 Mass. 232. It is stated in that case at pages 235 and 236— “The rule established in the class of cases under discussion has often been stated as limited to cases in which the transaction ‘is in the nature of a purchase of property or of a property right.’ Carleton v. Floyd, Rounds & Co., 192 Mass. 204, 206. In Ames v. Foster, 106 Mass. 400, 403, Morton, J., said, ‘We think the authorities in this state have gone no further than to decide that a case is not within the statute, where, upon the whole transaction, the fair inference is, that the leading object or purpose and the effect of the transaction was the purchase or acquisition by the promisor from the promisee of some property, lien or benefit which he did not before possess, but which enured to him by reason of his promises, so that the debt for which he is liable may fairly be deemed to be a debt of his own, contracted in such purchase or acquisition.’ The statement in Dexter v. Blanchard, 11 Allen, 365, 367, Wills v. Brown, 118 Mass. 137, 138, and Crowley v. Whittemore, 255 Mass. 99, 103, are to the same effect. In Paul v. Wilbur, 189 Mass. 48, 52, P. Berry & Sons, Inc. v. Central Trust Co., 247 Mass. 241, 245, and Washington & Devonshire Realty Co. Inc. v. Freedman, 263 Mass. 554, 560, the rule was stated-in an abbreviated and possible broader form, to the effect that the statute does not apply ‘where the promisor receives something from the promisee for his own benefit’; but that statement does not mean that any consideration running directly from the promisee to the promisor is enough unless the obtaining of such consideration was the real object of the contract. * * *
*635 ‘ ‘ This court has never stated the rule more broadly than in the foregoing quotations from its own decided cases.”
Restatement of the Law — Contracts, section 184 is as follows — “Where the consideration for a promise that all or part of a previously existing duty of a third person to the promisee shall be satisfied is in fact or apparently desired by the promisor mainly for his own pecuniary or business advantage, rather than in order to benefit the third person, the promise is not within Class II of §178, unless the consideration is merely a premium for the promisor’s insurance that the duty shall be discharged.”
The second illustration under this rule is — “D owes C $1000. C is about to levy an attachment on D’s factory. S, who is also a creditor of D’s fearing that the attachment will ruin D’s business and thereby destroy his own chance of collecting his claim, orally promises C that if C will forbear to take leg’al proceeding’s against D for three months, S will pay D’s debt if D fails to do so. S’s promise is enforceable.”
The facts found by the Trial Court bring this case within this rule and the illustration of it just quoted. "While there was no actual lien upon the property of the defendant by mortgage, attachment or otherwise, the plaintiff had a claim on which in all probability he could have obtained from the Probate Court leave to attach the property in question as provided in G. L. (Ter. Ed.) Ch. 230 §7. This would have given the plaintiff an attachment lien on property of the defendant. Or, if leave to attach had not been granted by the Probate Court, a suit against the administratrix would have made it necessary for the administratrix to sell for the payment of debts the property in which the defendant had a valuable interest.
We see no error in the refusal of the Trial Ciourt to rule as requested. The report must be dismissed.