CHARLES E. HILLER & others *vs.* JOSEPH L. HILLER & another.

Plymouth.   October 6, 1939. — February 1, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Equity Pleading and Practice*, Findings by judge.

Upon reported evidence at the hearing of a suit in equity at which many witnesses testified orally, findings supporting the final decree were not plainly wrong.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated March 10, 1936.

The suit was heard by *T. J. Hammond*, J.

*S. Rosenberg*, for the defendants, submitted a brief.

*G. A. Verde*, for the plaintiffs.

QUA, J.   The plaintiffs and the defendant Joseph L. Hiller are cousins and are the heirs at law of their uncle, Lilburne Hiller, late of Mattapoisett, deceased intestate. By the amended bill the plaintiffs seek to establish a trust, arising originally for the benefit of Lilburne Hiller and now existing for the benefit of his heirs, in certain parcels of real estate conveyed by Lilburne in his lifetime to Joseph L. Hiller by deeds in which no trust was expressed. After a full hearing, at which many witnesses testified orally, the judge found that the conveyances were not made as gifts to Joseph L. Hiller; that they were not made in payment of any indebtedness or for services rendered; that they were without consideration; and that they were made "for the convenience of Lilburne Hiller." He entered a final decree ordering the defendants to convey to the plaintiffs seven undivided eighths of the real estate. The defendants appealed.

The statute of frauds (G. L. [Ter. Ed.] c. 203, § 1) has not been pleaded, and no question arising out of that statute has been raised or argued. See *Southwick* v. *Spevak*, 252 Mass. 354, 357; *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, 393, 394, and cases cited.

The alleged errors of which the defendants complain are principally in the making of findings of fact which the defendants contend are wrong. The defendants in their brief have properly treated the questions presented as questions of fact. The evidence is reported. It has been held repeatedly that in an equity or probate appeal, where the evidence is reported, it is the duty of this court to examine the evidence and to decide the case upon its own judgment, but that findings of fact made by the trial judge upon oral testimony will not be reversed unless they are plainly wrong. Weight is to be given to the finding of the judge, who had the advantage of seeing and hearing the witnesses, and who was in a position to judge of their credibility. *Comstock* v. *Bowles*, 295 Mass. 250, 253–254. *Markiewicus* v. *Methuen*, 300 Mass. 560. *Exchange Realty Co.* v. *Bines*, 302 Mass. 93, 94.

Nothing would be gained by a lengthy discussion of the detailed findings of fact made by the trial judge. There was evidence in support of the decisive findings. Much depended upon the extent to which the judge should give credence to the testimony of the defendant Joseph L. Hiller. It is apparent that the judge did not believe some of this testimony. Some of it was vague and unsatisfactory. There were strong circumstantial considerations opposed to other parts of it. We did not hear this witness testify, and we are in no position to say that the judge should have believed more of this testimony than he did believe. We have carefully examined all of the evidence. We cannot say that the findings are plainly wrong. They justify the decree which was entered.

The defendants assert that the judge ought not to have made findings in this suit relative to payments made for taxes and for improvements while the title to the real estate stood in the name of the defendant Joseph L. Hiller and

relative to certain checks given by him to Lilburne Hiller which Joseph contended were in payment for lots of land, but as to which the judge found otherwise. The defendants further complain that findings should not have been made as to "services, care, board, personal expenses, loans, and accountings" and "other matter extraneous to the issues involved." We are unable to perceive that the judge made findings harmful to the defendants beyond the proper scope of the case. The matters referred to came into the case either as subsidiary issues bearing upon the larger issues raised by the pleadings or because they were brought in by the defendants' answers. We cannot say that these findings were plainly wrong.

The decree is to be modified by changing the time within which performance is to be completed to thirty days after the entry of the decree after rescript, and as so modified the decree is affirmed with costs.

*Ordered accordingly.*