### SHAWSHEEN MANOR CORPORATION *vs.* GEORGE J. COLANTINO.

Suffolk.    November 3, 1952. — January 30, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Contract*, Parties, Consideration, For sale of real estate, Sealed contract. *Frauds, Statute of*. *Evidence*, Relevancy and materiality. *Practice, Civil*, Requests, rulings and instructions; Exceptions: whether error harmful, waiver. *Error*, Whether error harmful. *Waiver*.

Evidence that the purchaser named in a sealed contract for sale of real estate was merely a straw and that at the passing of papers the real party interested in the purchase, finding himself short of part of the amount due the seller, obtained delivery of the deed by orally promising the seller to pay the shortage in a few days warranted findings that such promise was supported by consideration and that it was an original undertaking of the promisor for his own benefit and not a promise "to answer for the debt" of the straw within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Second.    [717]

In an action by the seller in a sealed contract for sale of real estate to recover an unpaid balance of the purchase price which the plaintiff alleged the defendant at the passing of papers orally promised to pay in order to obtain delivery of the deed, evidence to show that a third person named as the purchaser in the sealed contract was merely a straw for the defendant as the real party interested in the purchase was

admissible on the issue whether the defendant's promise was an original undertaking for his own benefit and not within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Second, or was within the statute as a promise "to answer for the debt" of the named purchaser. [718]

In an action by a seller of real estate to recover an unpaid balance of the purchase price, where there were involved both a sealed sale and purchase contract between the plaintiff and a third person as purported purchaser, who was alleged to be merely a straw for the defendant as the real person interested in the purchase, and an oral promise by the defendant to pay such balance, and the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Second, was relied on as a defence, it was error prejudicial to the defendant in the circumstances not to give a requested instruction to the jury that the sealed contract "imposed no legal liability on the defendant." [718–719]

A party excepting to a failure of the trial judge to give a requested instruction in the charge did not waive his exception by not renewing it after the judge had made additions to the charge not dealing in any way with the subject matter of the request. [719]

CONTRACT. Writ in the Municipal Court of the City of Boston dated May 25, 1948.

Upon removal to the Superior Court, the action was tried before *Beaudreau,* J.

*John C. Johnston,* for the defendant.

*Alan J. Dimond,* for the plaintiff.

QUA, C.J. The plaintiff seeks to recover from the defendant $726.09 as a balance which it contends remains unpaid of the purchase price for a piece of real estate in Andover known as "Shawsheen Manor," which on February 17, 1947, the plaintiff conveyed to the nominee of the defendant under the terms of a contract in writing having the effect of a sealed instrument by virtue of G. L. (Ter. Ed.) c. 4, § 9A. There was a verdict for the plaintiff, and the defendant excepts.

The parties to the contract in writing were the plaintiff and one Johnson. The defendant's name does not appear in it. There was, however, a great deal of evidence that Johnson was merely a "straw" for the defendant, and that all the negotiating on the purchaser's side had been done by the defendant. When the papers were passed there were present representatives of the plaintiff and the defendant himself and his attorney. Johnson was not present. The

purchase price for the real estate was $85,000, of which about $20,000 was to be paid at the delivery of the deed. There was a conflict of evidence as to what took place at that time. The plaintiff contended and offered evidence to show that when the adjustments had been calculated, the defendant said he was short of the necessary money by $700, but he was "good for it." At first the plaintiff's representative refused to deliver the deed, but the defendant said, "I will promise you, if you give me the deed in a few days I will give you the $726; I am good for it." The representative of the plaintiff said, "All right, on your promise, Doctor, here is the deed," and delivered the deed to the defendant. The plaintiff contends that this action is on the defendant's oral promise to pay $726 in a few days. The defendant testified that at the delivery of the deed he paid the entire purchase price as indicated by the adjustments; that there was no deficiency; and that he did not promise to pay any sum later. He further contends that any such promise by him would be "a special promise to answer for the debt, default or misdoings of another" (Johnson) for which the defendant would not be subject to an action because of the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Second. There was no evidence of any memorandum in writing.

The defendant's motion for a directed verdict was rightly denied. There was evidence for the jury of the defendant's promise and that it was founded upon good consideration in that the plaintiff was not obliged to accept an oral promise in lieu of part of the purchase money. And it could not be ruled as matter of law that the statute of frauds was a defence, since it could be found that the defendant was the real party in interest in the transaction, and that he made the oral promise primarily for his own benefit as an original undertaking and only incidentally as a promise to pay a debt of Johnson. *Nelson* v. *Boynton*, 3 Met. 396, 402. *Ames* v. *Foster*, 106 Mass. 400, 403. *Furbish* v. *Goodnow*, 98 Mass. 296. *Wills* v. *Brown*, 118 Mass. 137, 138. *Crowley* v. *Whittemore*, 255 Mass. 99, 103. *Kahn* v. *Waldman*, 283

Mass. 391, 394. *Colpitts* v. *L. C. Fisher Co.* 289 Mass. 232, 234–237. *Kalker* v. *Bailen,* 290 Mass. 202, 206. *Rainault* v. *Evarts,* 296 Mass. 590, 596.

There was no error in admitting a great deal of evidence tending to show that Johnson was only a "straw," and that the defendant was the real party interested in the purchase. This evidence bore upon the application of the statute of frauds as indicated above.

The defendant requested the judge to rule that "The agreement for purchase and sale between the plaintiff and Ray C. Johnson, having the effect of a sealed instrument, imposed no legal liability on the defendant in this action." This request was good law. *Seretto* v. *Schell,* 247 Mass. 173. *Exchange Realty Co.* v. *Bines,* 302 Mass. 93, 98–99. *Moran* v. *Manning,* 306 Mass. 404, 410–411. *Ferrick* v. *Barry,* 320 Mass. 217, 224. And the judge did not grant it. The question of difficulty is whether the posture of the case was such that he could be required to grant it. Upon careful consideration we think that it was. There was some danger that the jury might become confused between an obligation of the defendant upon the alleged oral promise and some supposed obligation of the defendant upon the written contract, especially since so much emphasis was placed both in the evidence and in the judge's charge upon the question whether Johnson was a mere "straw." In view of the course of the trial it would be possible for the jury to get the impression that if Johnson was a "straw" for the defendant, the defendant was liable upon the written contract. The first count of the plaintiff's declaration is not too clear, at least to a layman, as to the basis of liability, and the second count upon an "accounting together" seems to imply that the defendant must have owed something to the plaintiff before he made the alleged oral promise, and if this was true, the debt would have to be upon the written contract. Furthermore, it is difficult to see how the jury could have acquired any adequate comprehension of the bearing of the statute of frauds upon the case unless they clearly understood that Johnson and not the defendant was

liable upon the written contract, and that the debt of Johnson on that contract was the "debt . . . of another" which the defendant was contending he must have promised to pay if he made any promise at all. The defendant by his request was seeking clarification of a point which might enter into the jury's deliberations in more ways than one, and we think he was entitled to clarification.

The defendant did not waive his exception to the failure to give his request by not renewing it after the judge had added to his charge. In neither of his two additions to the charge did the judge deal in any way with the subject matter of this request and therefore had no reason to believe that the defendant was satisfied with the way in which the subject was left. Compare *McCart* v. *Squire*, 150 Mass. 484, 488; *Cozzo* v. *Atlantic Refining Co.* 299 Mass. 260, 268–269.

*Exceptions sustained.*