OLIVER AMES JR. POST NO. 117, AMERICAN LEGION vs. NATHAN L. ULLIAN. June 5, 1967. The plaintiff, Oliver Ames Jr. Post No. 117, American Legion (the Post), appeals from a final decree in the Superior Court dismissing its bill in equity which sought to compel the defendant, Nathan L. Ullian, to restore the premises demised by him to the Post to the same condition they were in when the lease was executed. The judge found that "the changes made . . . were either necessary by virtue of the building code or in the discharge of the lessor's obligation to keep the premises 'in safe and proper condition,' " that "there has been no interference with the use of the premises by the Post and that the new construction in fact improves the demised premises." The Post argues only that these findings "should be reversed" because they are not supported by the evidence. The transcript of testimony and the exhibits are before us. The documentary evidence does not require that the Post prevail. The oral testimony was conflicting. The issue of credibility was for the judge. It cannot be said that the judge's findings are plainly wrong. *Hiller* v. *Hiller*, 305 Mass. 163. *Hanrihan* v. *Hanrihan*, 342 Mass. 559, 564.

*Decree affirmed.*

*Samuel B. LeVine* for the plaintiff.
*Timothy J. Murphy* for the defendant.

MARIA VILLA vs. ERNESTA C. PROIA, individually and as executrix. June 5, 1967. No error appears in respect of the final decree of the Probate Court, entered November 30, 1965, adjudging the respondent in contempt for failure to deliver three items of personal property to the petitioner under a decree of February 15, 1965, and ordering the respondent to pay the petitioner $2,200. In her answer to the petition in the underlying proceedings, the respondent expressly admitted possession of nine specified articles, including the three items now in controversy. The Probate Court on February 15, 1965, "after hearing and consideration" decreed that the petitioner was the owner of the specified articles and ordered that the respondent deliver them to the petitioner forthwith. The petition for contempt alleged the delivery of all but three of the listed items. At the hearing on the contempt petition, the respondent had an opportunity to present "her defence either in excuse or in mitigation, and to summon witnesses." *Crystal, petitioner,* 330 Mass. 583, 588. There was evidence tending to show that the three items had been in the possession of the late Fernando Ildebrando Proia, the petitioner's father and the respondent's husband, and that the respondent as executrix had taken possession of the property of his estate. The respondent's evidence tended to show the contrary. A guardian ad litem's report, not in evidence, sets out what a number of persons told the guardian ad litem and concludes with his opinion, tending to support the respondent's contentions. But even if its hearsay contents had been before the court (and we do not suggest that the report could properly have been introduced in evidence) the judge would not have been bound by it. The testimony of the value of the several items was supported by an adequate showing of a basis for the opinions stated. *Agoos Leather Cos. Inc.* v. *American & Foreign Ins. Co.* 342 Mass. 603, 606, and cases cited. The decree adjudging contempt and awarding an amount in lieu of the articles was within the court's power. G. L. c. 215, § 34. *Grunberg* v. *Louison,* 343 Mass. 729, 736.

*Decree affirmed.*

The case was submitted on briefs.
*Melvin J. Levine* for the respondent.
*George M. Poland* for the petitioner.